**James W. WESLEY, Jr., Plaintiff, Appellant,**

**v.**

**I.T.O. CORPORATION OF RHODE IS- LAND, et al., Defendants, Appellees.**

**No. 83–1788.**

United States Court of Appeals, First Circuit.

Argued March 6, 1984.

Decided July 27, 1984.

---

Ralph J. Gonnella, Providence, R.I., for appellant.

Thomas J. Muzyka, Boston, Mass., with whom William H. Welte and Glynn & Dempsey, Boston, Mass., were on brief, for I.T.O. Corp. of R.I.

Before CAMPBELL, Chief Judge, BREYER, Circuit Judge, and GIERBOLINI,* District Judge.

GIERBOLINI, District Judge.

Appellant James W. Wesley, Jr. (Wesley) appeals from the district court's dismissal of his complaint pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure. He asserts that the court erred in dismissing the complaint and amended complaint for failure to state a claim upon which relief could be granted.

The facts of this case are essentially undisputed. In 1978, appellant Wesley, a longshoreman, was employed as a walking foreman for appellee I.T.O. Corporation of Rhode Island (I.T.O.). In this capacity he supervised the loading and unloading of ships, the hiring and discharging of longshoremen, and resolved the day to day disputes of the employees. Wesley was a member of the union for health and benefits purposes.

In March 1978 a conflict arose between Wesley and the president of the International Longshoremen's Association, Local 1329 (the Union) which resulted in the Union's refusal to discharge cargo from a vessel. After negotiations between I.T.O. and the Union, the latter demanded that Wesley be discharged from the supervisory position of walking foreman. As a result of Union pressure, I.T.O. demoted Wesley from his position and employed him as a winchman.[1]

On July 26, 1978 Wesley filed charges with the National Labor Relations Board (N.L.R.B.) for unfair labor practices against I.T.O. and the Union. The N.L.R.B. found that Wesley was a supervisor and, as such, was not covered by the National Labor Relations Act. However, the N.L.R.B. found the Union and I.T.O. jointly and severally liable for any loss of earnings suffered as a result of the failure to appoint Wesley to a relief winchman position. The Union was held primarily responsible for the back-pay. Since the N.L.R.B. held that no unfair labor practices were committed by I.T.O. it did not order I.T.O. to reinstate Wesley as a walking foreman.

However, the N.L.R.B. did order the Union to notify I.T.O. and Wesley, in writing, that it had no objection to the reemployment of Wesley as walking foreman or in any other supervisory position. The Union was also required to recommend that Wesley be appointed to the first available relief winchman position. The decision of the N.L.R.B. was not appealed.

In compliance with the N.L.R.B.'s order, on May 12, 1981, the Union notified I.T.O.

* Of the District of Puerto Rico, sitting by designation.

---

1. I.T.O. requested the Union to appoint Wesley to a vacant relief winchman position which was a preferred employee position. *See* App. at 81.

in writing that it did not object to the reinstatement of Wesley to his former supervisory position. Thereafter, Wesley was given temporary employment as a walking foreman, but he was never reemployed on a permanent basis.

On October 29, 1982 Wesley, through the Union, sought clarification of I.T.O.'s intention to employ him as a permanent walking foreman. On November 5, 1982 I.T.O. responded that it had decided not to reemploy Wesley in his former position since a permanent replacement had been hired.

Subsequently, on January 3, 1983, Wesley filed the instant action in the United States District Court for the District of Rhode Island alleging violation of Title 29 U.S.C., §§ 158 and 185 and a pendant tort claim for bad faith employment actions. I.T.O. moved to dismiss the original complaint and the district court dismissed it without prejudice. Wesley filed an amended complaint and I.T.O. again moved for dismissal on two grounds: (1) plaintiff could not sustain a cause of action under the N.L.R.A. because as a walking foreman he was a supervisor and, thus, was not protected by the Act; (2) plaintiff's action was barred by the applicable statute of limitations.

In dismissing the amended complaint, the district court found that plaintiff (Wesley) was not covered by the Act and that it was otherwise likely that the action was time-barred. The court further found that plaintiff's state law tort claim could not be pursued because Rhode Island common law did not recognize such a cause of action. We agree with the district court's finding that Wesley as a supervisor was not protected by the provisions of the N.L.R.B.

The Taft-Hartley Act amended the National Labor Relations Act to exclude su-pervisors from the protections of the Act and therefore freed employers to discharge supervisors without violating the Act. *Beasley v. Food Fair of North Carolina*, 416 U.S. 653, 654, 94 S.Ct. 2023, 2024, 40 L.Ed.2d 443 (1974). It also amended the N.L.R.A.'s definition of "employee" to exclude "any individual employed as a supervisor." 61 Stat. 137, 29 U.S.C. § 152(3). The term "supervisor" was broadly defined,[2] so that employers could not be forced to deem "supervisors" to be "employees" for the purpose of any law related to collective bargaining. 61 Stat. 151, 29 U.S.C. § 164(a). The House Report on these amendments expressed that "[m]anagement, like, labor, must have faithful agents," adding that no employer need have as his agent one whom for any reason, he does not trust. H.R.Rep. No. 245, 80th Cong. 1st Sess. 16–17 (1947). *See also N.L.R.B. v. Sheraton Puerto Rico Corp.*, 651 F.2d 49 (1st Cir.1981).

It is undisputed that Wesley as a walking foreman was a supervisor, and as such, was not entitled to the protections afforded statutory employees under the N.L.R.A. *See Beasley, supra*, 416 U.S. at 658–62, 94 S.Ct. at 2026–28 (1974); *N.L.R.B. v. Faulkner Hospital*, 691 F.2d 51, 53 (1st Cir.1982); *Sheraton Puerto Rico Corp., supra*, 651 F.2d at 51. However, if an employer's actions toward a supervisor interfere with, coerce, or restrain statutorily protected employees in the exercise of their § 7 rights,[3] the employer is guilty of an unfair labor practice under the Act. *Howard Johnson Co. v. N.L.R.B.*, 702 F.2d 1 (1st Cir.1983).

Wesley relies on the *Howard Johnson* decision, *supra*, in his contention that supervisory personnel are covered by the N.L.R.A. Notwithstanding, we find that case clearly distinguishable. In *Howard Johnson*, a supervisor was discharged for

---

**2.** 29 U.S.C. § 152(11) provides:

The term "supervisor" means any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibility to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

**3.** National Labor Relations Act § 7, as amended, 29 U.S.C.A. § 157 provides:

Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining ...

refusing to engage in espionage in connection with a union organizing campaign. This court held that an employer's discharge of a supervisor for refusing to participate in an unfair labor practice was in itself an unfair labor practice which had a coercive effect on the § 7 rights of the protected employees.

 In a futile attempt to bring this action under the scope of the *Howard Johnson* case, Wesley contends that I.T.O.'s refusal to hire him as a permanent walking foreman, because he filed unfair labor charges against I.T.O., was likely to interfere with, coerce or restrain other protected employees in the exercise of their rights. Nevertheless, the record does not reflect any circumstances of Wesley's discharge which would interfere with or have a chilling effect on the § 7 rights of other protected employees as in the *Howard Johnson* case. No favorable conclusions can be drawn from such conclusory allegations so as to provide this court with jurisdiction.

Wesley also argues that I.T.O. treated him unlawfully when he was not a supervisor, but a winchman. At that time, he claims, I.T.O. refused to give him back his walking foreman job; and this refusal was unlawful because it was motivated by I.T.O.'s desire to punish him for having brought his original claim to the N.L.R.B. Insofar as Wesley here states a separate claim against I.T.O., however, his claim does not arise under any collective bargaining agreement. Rather, it arises solely under the unfair labor practices provisions of the N.L.R.A., 29 U.S.C. § 158(a), and the district court lacks jurisdiction under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. *See, e.g., William E. Arnold Co. v. Carpenters District Council*, 417 U.S. 12, 15–16, 94 S.Ct. 2069, 2071–2072, 40 L.Ed.2d 620 (1974); *Amalgamated Association of Street, Electric Railway & Motor Coach Employees v. Lockridge*, 403 U.S. 274, 300–01, 91 S.Ct. 1909, 1924–25, 29 L.Ed.2d 473 (1971); *Waggoner v. R. McGray, Inc.*, 607 F.2d 1229, 1233–35 (9th Cir.1979). Wesley's proper remedy is an unfair labor practices charge brought before the N.L.R.B.

Finally, we note that the N.L.R.B. specifically found that Wesley's position as a walking foreman was supervisory, and as such, was not covered by the N.L.R.A. Since this finding was not appealed, the same is now final and therefore, Wesley cannot claim any rights under § 185 of the Act. If in fact the employer or the Union have not adequately complied with their obligations under the remedies imposed by the N.L.R.B., recourse may be sought before the Board which is empowered to enforce its decrees, but not before this court.

The judgment of the district court is affirmed.